HENRY W. T. STEINWAY, Respondent, *v.* CHARLES H. STEINWAY and Others,. Appellants, Impleaded with Others, Defendants.

*Action for an accounting by trustees — a complaint therefor is not demurrable on the ground that there is a defect of parties, where such persons will be necessary parties only in case the trustees make certain charges against the fund.*

By the 33d clause of the will of C. F. Theodor Steinway, deceased, the testator gave and bequeathed 4,000 shares of stock to his four executors and trustees, with directions to hold such stock for the benefit of certain persons named respectively in paragraphs A, B, C and D of such 33d clause, one-fourth thereof for the persons named in each paragraph, and directed the trustees to pay to such beneficiaries named in each paragraph, in equal proportions, an annual sum representing an income of five per cent on 1,000 shares of the stock.

One of the beneficiaries named in paragraph C brought an action for the construction of the will, which resulted in an adjudication that each of the four paragraphs created a valid and distinct trust. Thereafter the trustees, who had not paid over the income to the beneficiaries during the pendency of the action, rendered an account to the plaintiff therein, in which they credited him with the amount of the accumulated income and two per cent interest thereon and charged him with a proportionate part of the costs of the litigation.

The plaintiff, claiming that the trustees had received more than two per cent on the income and that he was not chargeable with the costs of the litigation, and, if chargeable with such costs, that the amount thereof was excessive, brought an action to obtain an accounting by the trustees under paragraph C. He made parties thereto the three surviving executors and trustees, the other beneficiaries under paragraph C, the other living beneficiaries under the 33d clause of the will and the heirs and next of kin of the deceased beneficiaries under the 33d clause. He did not make parties thereto the legal representatives of the deceased executor and trustee or of the deceased beneficiaries, and it did not appear from the complaint whether any personal representatives of such persons had been appointed.

*Held*, that the complaint was not demurrable, because of the omission of the plaintiff to join the legal representatives of the deceased trustee and the deceased beneficiaries;

That the plaintiff would not be obliged to show, as a part of his affirmative case, that the trustees were not entitled to charge him with the expense of any part of the litigation, and that, so far as the other question in the case was concerned, the only necessary parties thereto were the plaintiff's fellow-beneficiaries under paragraph C and the surviving executors and trustees;

That, if the surviving executors and trustees wished to litigate the question whether they were entitled to charge the plaintiff with any part of the costs of the litigation, it would, doubtless, be proper to bring in all parties interested in the determination of that question, even those interested under other paragraphs of the 33d clause of the will, but that the necessity for making such persons parties was not presented by a demurrer to the complaint.

APPEAL by the defendants, Charles H. Steinway and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of December, 1901, upon the decision of the court, rendered after a trial at the New York Special Term, overruling said defendants' demurrer to the complaint.

*J. Delahunty*, for the appellants.

*Edward Bruce Hill*, for the respondent.

LAUGHLIN, J.:

The action is brought to obtain an accounting by trustees under paragraph C of the 33d clause of the will of C. F. Theodor Steinway, deceased. By this clause of his will the testator gave and bequeathed all of his stock in the corporation of Steinway & Sons, consisting of 4,000 shares, to his four executors and trustees, to be managed by them until the 1st day of January, 1904, for the benefit of certain persons named in paragraphs A, B, C and D thereof, and provided that one-fourth part of such stock should be held and managed for the benefit of the beneficiaries named in each of said paragraphs respectively. He therein directed the trustees to pay to the beneficiaries named in each paragraph, in equal proportions, an annual sum representing an income of five per cent on 1,000 shares of said stock; and provided for the disposition of the principal at the expiration of the trust.

On the 9th day of May, 1893, the plaintiff in this action brought an action for the construction of the will, contending that the trusts provided for in this 33d clause were void. The trial of the issues in that action resulted in a judgment sustaining these trusts. This

judgment was affirmed on appeal. (*Steinway* v. *Steinway*, 163 N. Y. 183.) Final judgment establishing the validity of the trusts was entered on the 17th day of November, 1900. Pending that action the income was not paid over to the beneficiaries by the trustees. After the entry of the final judgment a statement of the account for income was rendered by the trustees to the plaintiff, in which he was credited with the amount of the accumulated income of five per cent and two per cent interest thereon; and he was charged with one-twelfth of $39,719.11, said to be the costs of the litigation. The plaintiff objected to this statement of the account on the ground that the trustees had received more than two per centum on the moneys, and that he was not chargeable with these costs, and if so chargeable the amount was excessive.

The plaintiff is a nephew of the decedent and is one of three beneficiaries named in paragraph C of the 33d clause of the will; and was entitled thereby to receive one-third of the five per cent annual income on one-fourth of the 4,000 shares of stock. The other beneficiaries named in that paragraph of the will have been joined as defendants, as well as the other living beneficiaries under the trusts in the 33d clause of the will. One of the executors and trustees is dead and the other three are made defendants. The demurrer is upon three grounds: (1) That the court has not jurisdiction of the subject of the action for the reason that the plaintiff has an adequate remedy at law; (2) that there is a defect of parties defendant, and (3) that the complaint does not state facts sufficient to constitute a cause of action. The names of the parties whom it is claimed should have been made defendants are stated in the second ground of demurrer as required by the Code. It is manifest that the first and third grounds of demurrer are not tenable. The action is against trustees of an express trust for an accounting. The court, therefore, has jurisdiction of the subject-matter of the action and the complaint sufficiently states a cause of action. The learned counsel for the appellant did not urge these grounds of demurrer on the trial, nor does he argue them on the appeal. He contends, however, that there is a defect of parties defendant upon the ground that the action being for an accounting concerning a fund in the hands of the trustees as part of their trust, all the persons entitled to share

in the fund are necessary parties. The defect of parties defendant urged upon the appeal consists in the omission of legal representatives of deceased trustees and beneficiaries. The complaint shows the death of these persons, but it does not show the appointment of any administrator or executor of their estates. None of the persons who have died were interested under paragraph C of the will unless it be the deceased trustee, whose only interest could be a claim that the trust funds should bear the costs to which reference has been made. All of the heirs and next of kin of those who were interested in the trusts created by the 33d clause of the will and have died were made parties. William Steinway, one of the executors and trustees and sole beneficiary during his lifetime under paragraph D of the will, died on the 30th day of November, 1896. The will provided that in case of his death prior to the 1st of January, 1904, his son, George A. Steinway, should be executor and trustee and should become a beneficiary under paragraph D with his sister, Paula Th. Steinway, and with the children of said William Steinway by his second wife. The claim is made that the legal representatives of both William and George A. Steinway are necessary parties defendant by reason of their interest in the compensation of the decedents as trustees and also in the trust fund created by paragraph D in the income thereof. Louise Deppermann, one of four beneficiaries under paragraph A of the will, is dead, and it is claimed that her legal representatives should be made parties by reason of their interest in that trust fund and in the income thereof. Louise Cassebeer and Charles Zeigler, two of four beneficiaries under paragraph B of the will, are dead, and it is claimed that their legal representatives should be made parties defendant for the same reason. As has been stated, so far as these parties left heirs or next of kin who could succeed to any interest under the will, they have been made parties, and it does not appear that any legal representatives of the decedents have been appointed. The plaintiff claims that the action is brought solely for an accounting of the income due to him under paragraph C of the will, and that the only parties interested in this question are his fellow-beneficiaries and the surviving trustees and executors, all of whom have been joined as defendants. He bases this contention on the decision of the Court of Appeals in *Steinway* v. *Steinway* (*supra*), in which each of

these paragraphs of the will was construed as a separate and distinct trust. The Court of Appeals in that case decided that the " trustees took no title, but only a power in trust, and that the several legacies vested severally in the several legatees in absolute ownership within the period measurable by less than two designated lives in being at the death of the testator." In order to reach this conclusion it was necessary to decide, and the court so held, that the testator intended that his 4,000 shares of stock should be divided into four equal parts, and that each of the trusts created by these several paragraphs, A, B, C and D, is a separate and distinct trust of 1,000 shares of stock, the title to the *corpus* of which was vested in the beneficiaries therein named. In these circumstances we are of the opinion that the plaintiff's contention is sound. While he has set forth in his complaint the attitude of the executors and trustees in attempting to offset the costs against the income, his only prayer for judgment is that the trustees be compelled to account to him for his share of the income. It will not be any part of his affirmative case to show that the trustees are not entitled to credit themselves with the expenses of any part of the litigation against him. It will be incumbent upon him to show only that they have failed to pay him all of the income. The account rendered has not been judicially or otherwise settled. There is no presumption that it is correct, and the burden is not on the plaintiff of showing that it is erroneous. It will be a matter of defense for the trustees to affirmatively allege and prove that they are entitled to offset part of the costs of the litigation. Upon that defense, if it be interposed, doubtless all parties interested in the questions arising thereon, even under other paragraphs of the 33d clause of the will, should be brought in as parties defendant, to the end that a judgment may be had that will be binding upon them all and that a multiplicity of suits may be avoided, but that will be a matter to be determined upon the issue as joined, showing the necessity for bringing them in, and the order may then be made on the application of a party, plaintiff or defendant, or by the court upon its own motion. The necessity, therefore, for bringing in such parties is not, we think, presented by the demurrer to this complaint. Moreover, for aught that appears on the face of the complaint, there may have been no executors or administrators appointed for the decedents. The duty

of having representatives appointed would seem to rest on their heirs òr next of kin and not on the plaintiff.

The interlocutory judgment might well have been affirmed on the excellent opinion of the learned trial justice were it not for the fact that points have been urged upon the appeal that were not specifically considered by him.

It follows, therefore, that the interlocutory judgment should be affirmed, with costs, but with leave to the appellants to withdraw demurrer and to answer upon payment of the costs of the appeal and of the demurrer.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and HATCH, JJ., concurred.

Judgment affirmed, with costs, with leave to the appellants to withdraw demurrer and to answer on payment of costs in this court and in the court below.